# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued January 23, 2008        Decided February 29, 2008

No. 07-7053

DEREK T. WILSON,
APPELLANT

v.

CARCO GROUP, INCORPORATED,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 03cv02313)

*Kevin L. Chapple* argued the cause and filed the briefs for appellant.

*James P. Steele* argued the cause for appellee. With him on the brief was *Mariana D. Bravo*. *William J. Carter* entered an appearance.

Before: TATEL, BROWN and KAVANAUGH, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* BROWN.

BROWN, *Circuit Judge*: Derek T. Wilson appeals the district court's order granting summary judgment in favor of CARCO

Group, Inc. We conclude the Fair Credit Reporting Act does not always require a plaintiff alleging a violation of 15 U.S.C. § 1681e(b) to present expert testimony on the issue of whether the defendant's procedures were reasonable. Thus, we reverse the district court's order.

I

Viewed in the light most favorable to Wilson, the facts are as follows. In 2002, Prudential Insurance offered Wilson a job, contingent upon the satisfactory completion of a background check. Wilson accepted, and was scheduled to begin on August 12. Around August 1, Prudential retained CARCO to complete Wilson's criminal background check in Oklahoma. CARCO subcontracted with Search & Find to conduct the background check, and Search & Find retained an outside researcher to undertake the task.

By August 9, the researcher's scattershot approach yielded thirteen "hits," each apparently corresponding to an individual. Four days later, Search & Find sent CARCO thirteen "I.D. pages" with a note saying it was "at a loss." Prudential then told Wilson he had criminal charges in Oklahoma—an allegation Wilson denied. Almost three weeks after being retained, Search & Find faxed CARCO information on thirteen individuals, six of whom couldn't have been Wilson, because their names, birthdates, and/or races differed from his.

On September 3, Prudential withdrew Wilson's job offer because it had "not received a complete and satisfactory background verification in a reasonable amount of time." Along with its withdrawal letter, Prudential enclosed a copy of a CARCO report which stated, "A criminal record search for convictions and arrests, where prosecution is pending, was [initiated] . . . on the subject as follows." Below this statement,

a chart listed "Pending" next to the Oklahoma entry for "Wilson, Derek."

On the day Prudential withdrew its offer, Wilson began his own investigation. He contacted the Oklahoma State Bureau of Investigation and the Oklahoma State Courts Network, both of which concluded he had no criminal history in the state. Wilson sent CARCO a letter detailing the results of his investigation. On September 6, CARCO finally concluded Wilson had no criminal history in Oklahoma, but Prudential never hired Wilson. By the time the dust settled, CARCO had taken 36 days to complete its task. In contrast, Wilson's own investigation took ten minutes, spread across 2-3 days.

Wilson sued CARCO in federal court for negligent violation of the Fair Credit Reporting Act. The district court held a plaintiff in a 15 U.S.C. § 1681e(b) case always must present expert testimony; therefore, it granted CARCO's summary judgment motion. Wilson appealed.

II

We review summary judgment decisions *de novo*. *See Czekalski v. Peters*, 475 F.3d 360, 362 (D.C. Cir. 2007). Summary judgment is only proper if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). We "view the evidence in the light most favorable to [Wilson and] draw all reasonable inferences in [his] favor." *Czekalski*, 475 F.3d at 363.

Under the Fair Credit Reporting Act ("FCRA"), "[w]henever a consumer reporting agency prepares a consumer report it shall follow *reasonable procedures* to assure maximum possible accuracy of the information concerning the individual

about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added).[1]   The standard for judging the reasonableness of procedures "is what a reasonably prudent person would do under the circumstances." *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984) (per curiam).   Applying this standard "involves weighing the potential harm from inaccuracy against the burden of safeguarding such accuracy." *Id.*  Where the potential harm is great and the burden small, a consumer reporting agency's duty to clarify inaccurate or incomplete information is at its apogee. *See Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 42 (D.C. Cir. 1984).  Congress explicitly established a private cause of action for negligent FCRA violations in 15 U.S.C. § 1681o(a).  Wilson sued under § 1681o, alleging CARCO negligently failed to use reasonable procedures as required by § 1681e(b).

Federal law governs whether the FCRA requires a plaintiff alleging a violation of § 1681e(b) to present expert testimony as to the reasonableness of the defendant's procedures.  This court has previously applied federal law to describe an FCRA plaintiff's burden at summary judgment, and we do so again today.  *See, e.g.*, *Stewart*, 734 F.2d at 51–56 (establishing a plaintiff's burden in a  § 1681e(b) case without relying on state law); *cf. Koropoulos*, 734 F.2d at 42–45 (holding, as a matter of federal law, that § 1681e(b) at least sometimes "covers . . .

---

[1] The FCRA sometimes requires "strict procedures" in the employment context. *See* 15 U.S.C. § 1681k(a).  However, we need not address this issue, because Wilson did not raise a "strict procedures" claim in the district court. *See Holcomb v. Powell*, 433 F.3d 889, 903 (D.C. Cir. 2006) (noting we "normally do[] not give consideration to issues that were neither raised nor decided below" (quotation marks omitted)).

incomplete information" as well as technically inaccurate information).[2]

Our analysis begins—and ends—with *Stewart*, which established "the showing a plaintiff must make for his claim to survive summary judgment on the issue of the reasonableness of [defendant's] procedures." *Stewart*, 734 F.2d at 49. *Stewart* held an FCRA plaintiff must only "minimally present *some* evidence from which a trier of fact can infer that the consumer reporting agency failed to follow reasonable procedures in preparing a credit report." *Id.* at 51 (emphasis added). In fact, "a plaintiff need not introduce direct evidence of unreasonableness of procedures: [i]n certain instances, inaccurate credit reports by themselves can fairly be read as evidencing unreasonable procedures, and [an absence of] direct evidence will not be fatal." *Id.* at 52. Applying this precedent, we conclude the FCRA does not always require a plaintiff alleging a violation of § 1681e(b) to present expert testimony on the issue of whether the defendant's procedures were reasonable. *Stewart* is the standard a plaintiff in a § 1681e(b) case must satisfy at the summary judgment stage; there is not an additional expert testimony requirement. Expert testimony will undoubtedly prove helpful in some § 1681e(b) cases. Indeed, as a practical matter, expert testimony might sometimes be

[2] CARCO's summary judgment motion, Wilson's opposition motion, and the district court's opinion treated Wilson's claim as an FCRA claim—not a common law negligence claim. Indeed, the FCRA expressly preempts state-law negligence claims brought against "consumer reporting agenc[ies] . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action" unless the agency acted "with malice or willful intent to injure [the] consumer." *See* 15 U.S.C. § 1681h(e). Thus, the district court's citation of a diversity jurisdiction case to support its conclusion that District of Columbia law applies was simply incorrect.

necessary to satisfy *Stewart*. But it is certainly not required in all § 1681e(b) cases. Holding otherwise would flatly contradict *Stewart*'s conclusion that direct evidence of unreasonableness is not always required.

The district court granted CARCO's summary judgment motion because it held a plaintiff in a § 1681e(b) case always must present expert testimony; we reverse, because that holding was erroneous. The issue of whether Wilson carried his burden under *Stewart* is not before us. But if CARCO moves for summary judgment on that ground, the district court should consider that Wilson must "minimally present *some* evidence from which a trier of fact can infer [a] fail[ure] to follow reasonable procedures," *see Stewart*, 734 F.2d at 51 (emphasis added), and all "reasonable inferences" must be resolved in Wilson's favor, *Czekalski*, 475 F.3d at 363.

## III

We reverse the district court's order granting CARCO's summary judgment motion and remand for further proceedings consistent with this opinion.

*So ordered.*